**F I L E D**
CLERK, U.S. DISTRICT COURT

7/22/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ VAV _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 2:22-cr-00335-FLA |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances; 21 U.S.C. §§ 841(a), (b)(1)(A)(viii), (b)(1)(B)(i), (vi), (viii): Distribution and Possession with Intent to Distribute Controlled Substances; 18 U.S.C. § 924(c)(1)(A)(i); Possession of Firearms in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 924, 21 U.S.C. § 853, 28 U.S.C. § 2461(c): Criminal Forfeiture]] |
| FRANCISCO SORIA, aka "Cisco," DIONICIA ROMAN, aka "D," aka "Dee," aka "Coco," JOSE MARTIN ROBLES, aka "Pepe," aka "OG," and THEODORE CLARENCE NEVELS, aka "Donut," aka "Andrew Roy Bowser," | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown, but no later than in or around February 2020, and continuing to in or around July 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendants FRANCISCO SORIA, also known as ("aka") "Cisco," DIONICIA ROMAN, aka "D," aka "Dee," aka "Coco," JOSE MARTIN ROBLES, aka "Pepe," aka "OG," and THEODORE CLARENCE NEVELS, aka "Donut," aka "Andrew Roy Bowser," and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally commit the following offenses:

1.   To distribute, and to possess with intent to distribute, at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, and at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii);

2.   To distribute, and to possess with intent to distribute, at least 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(i);

3.   To distribute, and to possess with intent to distribute, at least 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(ii);

4.    To distribute, and to possess with intent to distribute, at least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi); and

5.    To distribute, and to possess with intent to distribute, at least 50 grams of a mixture and substance containing a detectable amount of methamphetamine, and at least five grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii).

B.    MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.    Defendant SORIA would obtain controlled substances from sources of supply and assist others in obtaining controlled substances from sources of supply. for further distribution.

2.    Defendant SORIA would distribute and cause the distribution of controlled substances to defendants ROMAN, ROBLES, and NEVELS, and others known and unknown to the Grand Jury.

3.    Defendants ROMAN, ROBLES, and NEVELS, and others known and unknown to the Grand Jury would possess with intent to distribute, distribute, and facilitate the distribution of controlled substances to individual customers.

4.    Defendants SORIA, ROMAN, and NEVELS, and others known and unknown to the Grand Jury, would obtain and possess firearms to protect their drug supply and drug profits.

C.   OVERT ACTS

     In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, on or about the following dates, defendants ROMAN, SORIA, ROBLES, and NEVELS, and others known and unknown to the Grand Jury, committed various overt acts, within the Central District of California, and elsewhere, including, but not limited to, the following overt acts:

     Overt Act No. 1:   On February 4, 2020, by telephone using coded language, defendant ROMAN and a co-conspirator discussed defendant ROMAN selling heroin to a third party for $60 per gram, and defendant ROMAN told the co-conspirator she would sell him a half unit of cocaine for $150 plus eight grams of black tar heroin.

     Overt Act No. 2:   On February 5, 2020, by telephone using coded language, a co-conspirator told defendant ROMAN that he had already sold all of the cocaine previously supplied and would travel to defendant ROMAN that week to deliver $260 in drug proceeds.

     Overt Act No. 3:   On February 6, 2020, by telephone using coded language, defendant SORIA agreed to sell 21 grams of an unknown controlled substance to defendant ROMAN in exchange for $400 and some gold jewelry.  Defendants SORIA and ROMAN also discussed defendant ROMAN finding buyers for two firearms that defendant SORIA wanted to sell.

     Overt Act No. 4:   On February 6, 2020, by telephone using coded language, defendant ROMAN and a co-conspirator discussed their sales of cocaine and heroin.

     Overt Act No. 5:   On February 7, 2020, by telephone using coded language, defendant ROMAN agreed to supply a co-conspirator

4

with $240 worth of cocaine, and the co-conspirator confirmed he still had heroin to sell.

Overt Act No. 6:   On February 8, 2020, by telephone using coded language, defendant ROMAN told a co-conspirator that she had half a unit of drugs at her house.

Overt Act No. 7:   On February 8, 2020, by telephone using coded language, defendant ROMAN asked defendant SORIA for a pound of methamphetamine.

Overt Act No. 8:   On February 9, 2020, by telephone using coded language, defendant SORIA and defendant ROMAN discussed defendant ROMAN's request for methamphetamine, and defendant SORIA directed defendant ROMAN to a third-party supplier.

Overt Act No. 9:   On February 9, 2020, by telephone using coded language, defendant ROMAN and two co-conspirators discussed defendant ROMAN arranging for the purchase of a pound of methamphetamine for the co-conspirators for $1250.

Overt Act No. 10:   On February 10, 2020, by telephone using coded language, defendant SORIA offered to sell defendant ROMAN drugs in exchange for gold jewelry.

Overt Act No. 11:   On February 10, 2020, by telephone using coded language, defendant ROMAN and a co-conspirator discussed defendant ROMAN supplying drugs to the co-conspirator, and the co-conspirator collecting drug proceeds for defendant ROMAN.  Later that day, defendant ROMAN instructed the co-conspirator to pick up one ounce of cocaine from defendant SORIA.

Overt Act No. 12:   On February 10, 2020, defendant ROMAN and a co-conspirator met at a donut shop in Sunland, California to conduct a drug transaction.

<u>Overt Act No. 13:</u>   On February 11, 2020, by telephone using coded language, defendant ROMAN and a co-conspirator discussed obtaining methadone for $15 per bottle, as well as the co-conspirator's remaining supply of heroin.

<u>Overt Act No. 14:</u>   On February 12, 2020, by telephone using coded language, defendant ROMAN agreed to supply a co-conspirator with heroin.

<u>Overt Act No. 15:</u>   On February 12, 2020, by telephone using coded language, defendant ROMAN discussed her attempts to obtain drugs for a co-conspirator.

<u>Overt Act No. 16:</u>   On February 15, 2020, by telephone using coded language, defendant ROMAN and a co-conspirator discussed their distribution of ounce quantities of methamphetamine and heroin.

<u>Overt Act No. 17:</u>   On February 17, 2020, during multiple telephone calls and text messages using coded language, defendant ROMAN agreed to sell a co-conspirator one quarter ounce of drugs for $50, and discussed her prior acquisition of one pound of methamphetamine for a third party.

<u>Overt Act No. 18:</u>   On February 19, 2020, by telephone using coded language, defendants ROMAN and SORIA arranged for defendant ROMAN to purchase heroin from defendant SORIA, and defendant ROMAN told defendant SORIA that an associate needed a firearm, and defendant SORIA agreed to try to find a firearm for defendant ROMAN's associate.

<u>Overt Act No. 19:</u>   On February 21, 2020, by telephone using coded language, defendant ROMAN told a co-conspirator she had six grams of heroin to sell, but could obtain a full ounce for $650, and

the co-conspirator said he had a buyer who would pay $800 per ounce and he and defendant ROMAN could split the $150 profit.

Overt Act No. 20:   On March 14, 2020, by text message using coded language, defendant ROMAN and a co-conspirator discussed selling drugs for $220 per ounce.

Overt Act No. 21:   On March 15, 2020, by text message using coded language, defendant ROMAN and a co-conspirator discussed selling heroin and other drugs.

Overt Act No. 22:   On March 16, 2020, by telephone using coded language, defendants ROMAN and ROBLES discussed prices for a half pound or pound of methamphetamine.

Overt Act No. 23:   On March 18, 2020, by telephone and text message using various coded language, defendant ROMAN and a co-conspirator discussed purchasing a pound of methamphetamine for $1300.

Overt Act No. 24:   On March 18, 2020, during multiple telephone calls and text messages using coded language, defendants ROMAN and ROBLES discussed the price and quality of defendant ROMAN's supplier's methamphetamine, and the current scarcity of methamphetamine due to the COVID-19 pandemic.

Overt Act No. 25:   On March 20, 2020, by telephone using coded language, defendants ROMAN and ROBLES discussed the scarcity and inflated prices of drugs due to COVID-19 lockdowns, obtaining methamphetamine from a third-party source, and the price and sources for black heroin, and defendant ROBLES agreed to supply defendant ROMAN with an ounce of drugs for resale.

Overt Act No. 26:   On March 21, 2020, by telephone using coded language, defendants ROMAN and SORIA discussed ROMAN purchasing a .22

1  caliber firearm from defendant SORIA for $300, as well as the

2  scarcity of methamphetamine due to the COVID-19 pandemic.

3      Overt Act No. 27:   On March 21, 2020, by text message using

4  coded language, defendant ROMAN and a co-conspirator discussed

5  various drugs that defendant ROMAN had available for sale, and agreed

6  to meet with a co-conspirator to deliver drugs.

7      Overt Act No. 28:   On March 24, 2020, by telephone using coded

8  language, defendant ROBLES asked defendant ROMAN to contact her

9  source for a pound of methamphetamine.

10     Overt Act No. 29:   On March 25, 2020, by telephone using coded

11 language, defendant ROMAN and a co-conspirator discussed selling 1/8

12 ounce of cocaine for $35.

13     Overt Act No. 30:   On March 28, 2020, by telephone using coded

14 language, defendants ROMAN and ROBLES agreed to meet at Union Station

15 for defendant ROMAN to purchase one ounce of drugs.

16     Overt Act No. 31:   On April 1, 2020, by telephone using coded

17 language, defendants ROMAN and ROBLES discussed meeting for defendant

18 ROMAN to supply defendant ROBLES with heroin; and defendant ROBLES

19 inquired about a source for methamphetamine.

20     Overt Act No. 32:   On April 3, 2020, by telephone using coded

21 language, defendant ROMAN and a co-conspirator discussed purchasing

22 $100 worth of cocaine from a third party.

23     Overt Act No. 33:   On April 7, 2020, by telephone using coded

24 language, defendant ROMAN and a co-conspirator discussed purchasing

25 prescription pills for $60.

26     Overt Act No. 34:   On April 9, 2020, by telephone and text

27 message using coded language, defendant ROMAN and a co-conspirator

28

discussed selling $80 worth of black heroin, and agreed to call a third party to obtain the heroin.

Overt Act No. 35:   On April 10, 2020, by telephone using coded language, defendant ROMAN and a co-conspirator discussed distributing an ounce of methamphetamine to the co-conspirator.  Later, defendant ROMAN agreed to meet with the co-conspirator to deliver the drugs.

Overt Act No. 36:   On April 10, 2020, during multiple telephone calls and text messages using coded language, defendant SORIA arranged to sell gram and pound quantities of methamphetamine to various co-conspirators.  A co-conspirator requested blue methamphetamine, and defendant SORIA said he was trying to trade his blue methamphetamine for guns since it was more valuable than clear methamphetamine, and would sell the co-conspirator clear methamphetamine for $1400 per pound or $120 per ounce.

Overt Act No. 37:   On April 12, 2020, by telephone using coded language, defendant SORIA and a co-conspirator discussed the sale of blue methamphetamine, and the possibility of trading drugs or gold for a firearm.

Overt Act No. 38:   On April 14, 2020, by telephone using coded language, defendant SORIA and a co-conspirator discussed purchasing heroin for $12,000 per kilogram.

Overt Act No. 39:   On April 15, 2020, by text message using coded language, defendant ROMAN agreed to supply 1/8 ounce of cocaine for $35 to a co-conspirator.

Overt Act No. 40:   On April 18, 2020, during multiple telephone calls using coded language, defendant SORIA instructed a co-conspirator to deliver heroin and other drugs to co-conspirators in exchange for cash.

9

<u>Overt Act No. 41:</u>   On April 19, 2020, during multiple telephone calls using coded language, defendant SORIA and a co-conspirator discussed the sale of high-capacity firearm magazines and miscellaneous firearm parts, the co-conspirator sent photographs to SORIA via text message, and the co-conspirator inquired whether SORIA had any blue methamphetamine.

<u>Overt Act No. 42:</u>   On April 21, 2020, by telephone using coded language, defendant ROMAN agreed to supply a co-conspirator with drugs for $30.

<u>Overt Act No. 43:</u>   On April 22, 2020, by text message using coded language, defendant ROMAN arranged to purchase one-half ounce of methamphetamine from defendant ROBLES for $100.

<u>Overt Act No. 44:</u>   On April 23, 2020, by text message using coded language, defendant SORIA inquired of a co-conspirator whether they knew of anyone interested to purchase heroin.

<u>Overt Act No. 45:</u>   On April 24, 2020, by telephone using coded language, defendant ROMAN told a co-conspirator that she would supply him with two 1/8 ounce quantities of cocaine for $70.

<u>Overt Act No. 46:</u>   On April 25, 2020, by telephone using coded language, defendants ROMAN and ROBLES discussed meeting in order for defendant ROMAN to obtain methamphetamine.

<u>Overt Act No. 47:</u>   On April 27, 2020, by telephone using coded language, defendant ROMAN agreed to supply a co-conspirator with one-eighth ounce of cocaine.

<u>Overt Act No. 48:</u>   On April 28, 2020, by telephone using coded language, defendants ROMAN and ROBLES discussed selling methamphetamine and other drugs.

Overt Act No. 49:   On April 29, 2020, by text message using coded language, defendants ROMAN and ROBLES discussed selling one-half ounce of methamphetamine for $100, and other drugs.

Overt Act No. 50:   On May 1, 2020, by telephone using coded language, defendant ROMAN agreed to supply a co-conspirator with cocaine for $100.

Overt Act No. 51:   On May 1, 2020, by telephone using coded language, defendants ROMAN and ROBLES discussed defendant ROBLES delivering one ounce of methamphetamine to defendant ROMAN.

Overt Act No. 52:   On May 6, 2020, by telephone using coded language, defendant ROMAN asked defendant SORIA for one-half pound of methamphetamine, and defendant SORIA agreed to have the drugs ready in one hour.

Overt Act No. 53:   On May 7, 2020, by telephone using coded language, defendants ROMAN and ROBLES discussed purchasing methamphetamine and selling heroin.

Overt Act No. 54:   On May 7, 2020, by telephone using coded language, defendant SORIA arranged to sell one ounce of blue methamphetamine to defendant NEVELS.

Overt Act No. 55:   On May 8, 2020, defendant SORIA possessed with intent to distribute approximately 366.2 grams of fentanyl, approximately 569.5 grams of heroin, and approximately 30.9 grams of methamphetamine.

Overt Act No. 56:   On May 8, 2020, defendant SORIA possessed two firearms and multiple rounds of ammunition in furtherance of drug trafficking.

<u>Overt Act No. 57:</u>   On July 13, 2020, defendant NEVELS possessed with intent to distribute 31.8 grams of cocaine base and one gram of methamphetamine and digital scales.

<u>Overt Act No. 58:</u>   On July 13, 2020, defendant NEVELS possessed a firearm in furtherance of drug trafficking.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i)]

[DEFENDANT SORIA]

On or about May 8, 2020, in Los Angeles County, within the Central District of California, defendant FRANCISCO SORIA, aka "Cisco," knowingly and intentionally possessed with intent to distribute at least 100 grams, that is, approximately 569.5 grams, of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT SORIA]

On or about May 8, 2020, in Los Angeles County, within the Central District of California, defendant FRANCISCO SORIA, aka "Cisco," knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 366.2 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT SORIA]

On or about May 8, 2020, in Los Angeles County, within the Central District of California, defendant FRANCISCO SORIA, aka "Cisco," knowingly and intentionally possessed with intent to distribute at least five grams, that is, approximately 30.9 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

[DEFENDANT NEVELS]

On or about July 13, 2020, in Los Angeles County, within the Central District of California, defendant THEODORE NEVELS, aka "Donut," aka "Andrew Roy Bowser," knowingly and intentionally possessed with intent to distribute at least 28 grams, that is, approximately 31.77 grams, of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT ROBLES]

On or about November 10, 2021, in Los Angeles County, within the Central District of California, defendant JOSE MARTIN ROBLES, aka "Pepe," aka "OG," knowingly and intentionally distributed at least 50 grams, that is, approximately 448.4 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SEVEN

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT SORIA]

On or about May 8, 2020, in Los Angeles County, within the Central District of California, defendant FRANCISCO SORIA, aka "Cisco," knowingly possessed a firearm, namely, a 9mm semi-automatic firearm bearing no manufacturer markings or serial number (commonly referred to as a "ghost gun"), in furtherance of a drug trafficking crime, namely, Possession with Intent to Distribute Heroin, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(i), as charged in Count Two of this Indictment, Possession with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi), as charged in Count Three of this Indictment, and Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii), as charged in Count Four of this Indictment.

COUNT EIGHT

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT NEVELS]

On or about July 13, 2020, in Los Angeles County, within the Central District of California, defendants THEODORE NEVELS, aka "Donut," aka "Andrew Roy Bowser," knowingly possessed a firearm, namely, a Sig Sauer model P250, 9mm caliber pistol, bearing serial number EAU003842, in furtherance of a drug trafficking crime, namely, Possession with Intent to Distribute Crack Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(iii), as charged in Count Five of this Indictment.

1

COUNT NINE

[18 U.S.C. § 922(g)(1)]

[DEFENDANT SORIA]

On or about May 8, 2020, in Los Angeles County, within the Central District of California, defendant FRANCISCO SORIA, aka "Cisco," knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

1.   A Colt model Junior Colt .25 caliber pistol, bearing serial number OD87294;

2.   38 rounds of Winchester 9mm caliber ammunition; and

3.   20 rounds of Winchester .308 caliber ammunition.

Defendant SORIA possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Two counts of Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, case number SA089300, on or about February 24, 2015;

2.   Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of Los Angeles, case number VA125000, on or about July 20, 2012; and

3.   Two counts of Forgery, in violation of California Penal Code Section 475(c), in the Superior Court for the State of California, County of Los Angeles, case number TA121753, on or about February 9, 2012.

COUNT TEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT NEVELS]

On or about July 13, 2020, in Los Angeles County, within the Central District of California, defendant THEODORE NEVELS, aka "Donut," aka "Andrew Roy Bowser," knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

1.    a Sig Sauer model P250, 9mm caliber pistol, bearing serial
      number EAU003842;

2.    a Zastava, model PAP M92FV, 7.62x39mm caliber rifle, with
      an obliterated serial number;

3.    6 cartridges of Speer 9mm ammunition;

4.    1 cartridge of Hornady 9mm ammunition;

5.    10 cartridges of Winchester 9mm ammunition;

6.    4 cartridges of Remington 9mm ammunition;

7.    5 cartridges of Blazer 9mm ammunition; and

8.    1 cartridge of Pretorial Metal Pressings 9mm ammunition.

Defendant NEVELS possessed such firearm knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Forgery, in violation of California Penal Code Section 472, in the Superior Court for the State of California, County of Los Angeles, case number BA351438, on or about June 4, 2009;

2.    Possession of Cocaine Base for Sale, in violation of California Health and Safety Code Section 11351.5, in the Superior Court for the State of California, County of Los Angeles, case number BA321132, on or about July 31, 2007; and

3.    Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of Los Angeles, case number TA020460, on or about December 4, 1992.

SENTENCING ALLEGATIONS

[21 U.S.C. § 851]

[DEFENDANT SORIA]

Defendant FRANCISCO SORIA, aka "Cisco," prior to committing the offenses alleged in Counts One through Four of this Indictment, had been finally convicted of a serious violent felony as that term is defined and used in Title 21, United States Code, Sections 802(58), 841, and 851, namely, Robbery, in violation of California Pena Code Sections 211, in the Superior Court for the State of California, County of Los Angeles, case number VA125000, on or about July 20, 2012, for which defendant SORIA served a term of imprisonment of more than 12 months.  Defendant SORIA was released from a term of imprisonment for that offense within 15 years of the commencement of the offenses alleged in Counts One through Four of this Indictment.

1              FORFEITURE ALLEGATION ONE

2        [21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

3        1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 21,

6   United States Code, Section 853, Title 18, United States Code,

7   Section 924, and Title 28, United States Code, Section 2461(c), in

8   the event of any defendant's conviction of the offenses set forth in

9   any of Counts One through Six of this Indictment.

10       2.   Any defendant so convicted shall forfeit to the United

11   States of America the following:

12            (a)   All right, title and interest in any and all property,

13   real or personal, constituting or derived from, any proceeds which

14   the defendant obtained, directly or indirectly, from any such

15   offense;

16            (b)   All right, title and interest in any and all property,

17   real or personal, used, or intended to be used, in any manner or

18   part, to commit, or to facilitate the commission of any such offense;

19            (c)   All right, title, and interest in any firearm or

20   ammunition involved in or used in any such offense; and

21            (d)   To the extent such property is not available for

22   forfeiture, a sum of money equal to the total value of the property

23   described in subparagraphs (a), (b), and (c).

24       3.   Pursuant to Title 21, United States Code, Section 853(p),

25   any defendant so convicted, shall forfeit substitute property if, by

26   any act or omission of said defendant, the property described in the

27   preceding paragraph, or any portion thereof: (a) cannot be located

28   upon the exercise of due diligence; (b) has been transferred, sold

                                  24

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Seven through Ten of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

1    substantially diminished in value; or (e) has been commingled with
2    other property that cannot be divided without difficulty.

3

4                                        A TRUE BILL

5

6                                        _____/s/_____
                                          Foreperson
7

8    STEPHANIE S. CHRISTENSEN
     Acting United States Attorney
9

10

11   SCOTT M. GARRINGER
     Assistant United States Attorney
12   Chief, Criminal Division

13   JOANNA M. CURTIS
     Assistant United States Attorney
14   Chief, Violent & Organized Crime
     Section
15

16   DAMARIS DIAZ
     CLAIRE KELLY
     Assistant United States Attorneys
17   Violent & Organized Crime Section

18

19

20

21

22

23

24

25

26

27

28